374 P.2d 418

STATE of New Mexico, Plaintiff-Appellee,

v.

Steve SCHWARTZ, William Kasem, Sam Francis, Jr., Theodore Gilliam, Jack Lutz and Cipriano Sedillo, Defendants-Appellants.

No. 7124.

Supreme Court of New Mexico.

Sept. 7, 1962.

Timothy P. Woolston, Albuquerque, for appellants.

Earl E. Hartley, Atty. Gen., L. D. Harris, Thomas A. Donnelly, Asst. Attys. Gen., Santa Fe, for appellee.

COMPTON, Chief Justice.

This is an appeal from the judgment and sentence of the court levying fines after entry of guilty pleas to the charges of gambling. The sole question is whether the appellants are exempted from punishment for the criminal offenses by reason of their having filed civil suits for recovery of their gambling losses.

The pertinent statutes read:

"40–22–1. It shall hereafter be unlawful to play at, run, or operate any game or games of chance such as * * * craps, blackjack or any other game or games of chance played with dice, cards, punch boards, slot machines or any other gaming device by whatsoever name known, for money or anything of value, in the state of New Mexico."

"40–22–4. Any person who shall play at any of the games of chance mentioned in section 1 (40–22–1) of this act, shall be punished by a fine of not less than twenty-five ($25.00) dollars nor more than five hundred ($500.00) dollars, and shall be imprisoned in the county jail for not less than thirty (30) days nor more than six (6) months, or by both such fine and imprisonment."

"22–10–14. All persons who shall claim money or property lost at gaming, or when said money or property may be claimed by his wife, child, relation, or friend, said person, although he may have gambled, is hereby exempted from the punishment imposed by the laws prohibiting and restraining gaming."

The material facts are before this court on a stipulation signed by counsel for both parties and approved by the trial court. The six appellants were arrested and charged by information with playing at a game of chance for money. Immediately prior to trial each of the appellants filed a civil action for recovery of individual gambling losses against various persons including each and all of the other appellants.

Upon arraignment the criminal causes were consolidated for trial and each of the appellants pleaded not guilty subject to a motion to quash based on the filing of the civil action. On denial of the motion the appellants then changed their pleas to guilty and the court assessed fines in the total amount of $1,250.00. All individual fines

assessed were less than the maximum fixed by statute.

It is the contention of the appellants that the provisions of section 22–10–14, having been invoked by them, they are exempt from the punishment imposed by section 40–22–4 and that, therefore, the court erred in imposing fines upon them after entry of their pleas of guilty.

■■ On the other hand, appellee questions the validity of section 22–10–14 on two grounds: First, that it violates Article IV, Section 16 of the New Mexico Constitution because more than one subject is embraced within the Act, i. e., it concerns the exemption from punishment for gambling, a subject not expressed in the title to the act, the act being *"An Act to Restrain Gaming"*; second, the Laws of 1921, Chapter 86, entitled *"An Act to Prevent and Prohibit Gambling in the State of New Mexico,"* of which sections 40–22–1 and 40–22–4 are a part, repealed by implication the foregoing exemption provision when it imposed a specific penalty for gambling.

We find no merit in the position of either the appellants or the appellee. There is no inconsistency in the intent, purpose, or applicability of the two acts.

■ Section 22–10–14 had its inception in the Laws of 1856–1857 in an act entitled "An Act to Restrain Gaming." The whole of Article 10, Chapter 22, sections 1 through 14, deals with gambling debts and losses, including a loser's right of action for recovery of gambling losses by civil action. This statute was designed to discourage gambling by depriving the person winning any of the things therein enumerated of any title thereto, and by providing the right to recover same. Wolford v. Martinez, 28 N.M. 622, 216 P. 499.

But it is evident that the appellants misjudged the purpose of the act. Instead of recognizing the statute for what it is, an act to restrain gambling, by the very nature of the round-robin civil suits they would employ it as a sanctuary for violators of the statute. In this they are mistaken. Such construction would not only liberalize but would encourage gambling. The legislature is not to be indicted for providing for any such subterfuge.

■■ The statute imposes a duty upon one invoking it. It requires him to come forward, disclose and make known the criminal act by the filing of a civil action for recovery of his losses. He may not delay such disclosure until such time as he is charged with the offense and then reap the benefits of the statute. This was the intent of the legislature in enacting the statute; otherwise the whole purpose of the act would be defeated.

It follows that the appellants' complaints of the fines legally imposed upon them are groundless.

·The judgment of the court should be affirmed. IT IS SO ORDERED..

CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.